IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jefford Henry, Jr., n/k/a Malik Abdul Bey,<br><br>　　　　　Plaintiff,<br><br>　-vs-<br><br>Rexam Beverage Can of North America,<br><br>　　　　　Defendant. | C/A No.3:10-2800-MBS<br><br><br><br>**OPINION AND ORDER** |

On October 28, 2010, Plaintiff Jefford Henry, Jr., now known as Malik Abdul Bey, proceeding pro se, filed this action against his former employer, Defendant Rexam Beverage Can of North America. Plaintiff alleges he was terminated from his employment because of his race, age, and religion, and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey, and reassigned to Magistrate Judge Shiva V. Hodges, for pretrial handling.

Defendant filed a motion for summary judgment on January 17, 2012. By order filed January 18, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on February 10, 2012.

On April 18, 2012, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on April 23, 2012 and May 20, 2012. Also on April 23, 2012, Plaintiff filed a motion for extension of time to complete discovery. On June 1, 2012, Defendant

filed a motion to strike Plaintiff's May 20, 2012 objections as untimely.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## I. FACTS

Plaintiff is a black male who identifies himself as a non-denominational Sabbath keeper. At the time of filing the complaint, Plaintiff was fifty-two years old. ECF No. 1, 2. He commenced attending the Holiness church in 1992. ECF No. 54-2, 7. According to Plaintiff, in around 2003 he began observing the Sabbath, which he defines as taking place from sundown Friday until sundown Saturday. Id. at 8.

Defendant manufactures aluminum beverage cans. The plant where Plaintiff was employed operates twenty-four hours per day, seven days per week. Employees of the plant are represented by the United Steelworkers of America, and the employment relationship is government by a collective bargaining agreement (CBA). Under the CBA, most employees, including Plaintiff, work four days on and four days off. They are generally required to work twenty-six Saturdays every calendar year. In addition, employees receive one point for being absent a full day and partial points for being late or leaving work early. An employee who accumulates six points in a twelve-month period is subject to termination.

Plaintiff contends that at the end of 2003 he requested a religious accommodation to observe

the Sabbath. See ECF No. 54-3 (Memorandum allowing Plaintiff unlimited "Trade Agreement Days" to arrange to take Saturdays off). Plaintiff states that initially he was able to get other workers to cover for him, but that in 2006 the arrangement ended because Defendant would not allow Plaintiff to continuing paying a $100.00 incentive to workers who swapped shifts with Plaintiff. ECF No. 54-2, 10. Plaintiff alleges that on September 25, 2006, he was discharged for being absent from work for religious observance. Under the CBA, Plaintiff was returned to active work pending resolution of the grievance process. See ECF No. 54-3, 4. An arbitration hearing was held on October 12, 2007, and a second hearing on February 1, 2008.

An arbitration decision on the hearing was issued on April 2, 2008. See ECF No. 54-4, 18-40. The arbitrator found that Defendant had made a reasonable accommodation for Plaintiff that succeeded for some time.[1] The arbitration determined that Defendant had met its obligation to Plaintiff once it had made an accommodation with him. However, according to the arbitrator, it was proper to require Defendant to develop an alternative accommodation because the original accommodation failed, and the failure was the fault of neither Plaintiff nor Defendant.

The suggested accommodations were (1) allow Plaintiff to take his vacation a day at a time to cover his Sabbath day absences, and (2) move Plaintiff to the position of inker maintainer, where his work schedule would not include Saturdays. The arbitrator noted that Plaintiff lacked sufficient vacation days to cover the number of days he could not work because of his religious observances. In addition, the arbitrator noted that such an accommodation for Plaintiff would have an adverse

---

[1] It appears that Plaintiff's co-workers realized that if they agreed to work a trade day, they were paid straight time; however, if they were called in by management and forced to work overtime on a Saturday when Plaintiff was absent, they would be paid premium overtime pay. Declaration of John Coleman, ¶ 8, ECF No. 54-4, 4.

effect on co-workers. Thus, the arbitrator found the proposed accommodation of vacation by single day was unreasonable.

The arbitrator determined that allowing Plaintiff to exercise his contractual rights to bid for the position of inker maintainer was a reasonable accommodation. The arbitrator noted that, if Plaintiff were to be the senior most qualified person for that position, he could be awarded the position, "a position that is worked on a conventional Monday through Friday schedule but that is subject to call-ins." ECF No. 54-4, 40. The arbitrator specifically noted:

> In the event that [Plaintiff] is found to be unqualified to be an inker maintainer, that reasonable accommodation is void. [Defendant] has met its legal obligation to provide him with a reasonable accommodation, and [Plaintiff's] grievance against his discharge is denied.

Id.

Plaintiff contends that a position came open in March or April 2008. Plaintiff applied, but was informed on April 29, 2008 that he was not the senior most qualified candidate for the position. Plaintiff alleges that he was terminated rather than being allowed to remain in the position he had. Plaintiff asserts that he was replaced by a less senior white male in his mid-thirties.

On August 15, 2008, Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission (SCHAC), asserting the following:

> 1. During my employment, I have been denied a religious accommodation. In late 2007, an arbitrator ruled that I bid/lateral transfer to a five-day a week job. In 2008, I bid for the job vacated by [a co-worker]. In approximately April 2008, I was denied the lateral transfer. The position was given to a less senior, less qualified applicant . . . . On April 29, 2008, I was discharged.
>
> 2. No reason was given by John Coleman, Plant Manager, for denying me the lateral transfer The reason given by Coleman for discharging me was for violating the attendance policy.

3. I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, based on my religion, Holiness, and in being denied a religious accommodation.

ECF No. 54-3, 19. Plaintiff received a right-to-sue letter on July 30, 2010.

## II. DISCUSSION

A. The Magistrate Judge's Report and Recommendation

1. Limitations Period. Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by bringing a charge of discrimination. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (citing King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir.1976)). Title VII requires a claimant to file a charge of discrimination within 180 days after the alleged unlawful employment practice occurred, except when person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice, the charge must be filed by or on behalf of the person aggrieved within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. 2000e-5(e).

The Magistrate Judge identified two adverse employment actions: denial of a lateral transfer and discharge. The Magistrate Judge found that the termination decision was made and communicated to Plaintiff as of September 25, 2006. The Magistrate Judge noted that participation in a collectively-bargained grievance procedure does not toll the limitations period for bringing a Title VII charge. See Int'l Union of Elec. Radio & Mach. Workers v. Robbins & Myers, Inc., 429 U.S. 229, 235-36 (1976). Thus, the limitations period for filing the charge of discrimination ran in July 2007. As noted above, Plaintiff filed his charge of discrimination with SCHAC on August 15, 2008. The Magistrate Judge therefore recommended that Defendant's motion for summary judgment as to the discriminatory discharge claim be granted on the grounds of untimeliness.

The Magistrate Judge determined that Plaintiff's denial of lateral transfer claim was timely because it was filed within 300 days of the April 2008 adverse employment action alleged.

2. <u>Religious Accommodation</u>. Title VII makes it an unlawful employment practice for an employer to discharge any individual because of such individual's religion." 42 U.S.C. § 2000e-2(a)(1). "The term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Thus, an employer has a "'statutory obligation to make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship.'" <u>EEOC v. Firestone Fibers & Textiles Co.</u>, 515 F.3d 307, 312 (4th Cir. 2008) (quoting <u>Trans World Airlines, Inc. v. Hardison</u>, 432 U.S. 63, 75 (1977)). In religious accommodation cases,

> A plaintiff must first establish a prima facie claim by showing that (1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement. If the employee establishes a prima facie case, the burden then shifts to the employer to show that it could not [reasonably] accommodate the plaintiff's religious needs without undue hardship. This is a two-prong inquiry. To satisfy its burden, the employer must demonstrate either (1) that it provided the plaintiff with a reasonable accommodation for his or her religious observances or (2) that such accommodation was not provided because it would have caused an undue hardship-that is, it would have result[ed] in more than a de minimis cost to the employer.

<u>Id.</u> (internal quotations and citations omitted).

The employer need not provide the employee with his or her preferred accommodation. So long as the employer has offered a reasonable accommodation, it has fulfilled its duty under Title VII. <u>Id.</u> at 312-13 (citing <u>Philbrook v. Ansonia Bd. of Educ.</u>, 479 U.S. 60, 68-69 (1986)).

The Magistrate Judge found that Defendant demonstrated that it could not reasonably accommodate Plaintiff's religious convictions without undue hardship. The Magistrate Judge noted that Defendant allowed Plaintiff to swap Saturday shifts with other employees, and that the accommodation stopped working through no fault of Plaintiff or Defendant. Rather, employees no longer were wiling to trade shifts with Plaintiff. Therefore, according to the Magistrate Judge, Defendant fulfilled its duty of reasonable accommodation. Regarding the job transfer, the Magistrate Judge found that a mere transfer of Plaintiff to the open position would have violated the CBA's seniority-bidding process and would therefore be unreasonable under Title VII. The Magistrate Judge also found that Defendant adequately demonstrated Plaintiff was not the most qualified bidder for the position. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted as to Plaintiff's claim of religious discrimination.

3. <u>Age and Race Discrimination Claims</u>.

A plaintiff's administrative claim "defines the scope of [his] subsequent right to institute a civil suit." <u>Smith</u>, 202 F.3d at 247 (citing <u>Evans v. Technologies Applications and Serv. Co.</u>, 80 F.3d 954, 962-63 (4th Cir.1996)). If a plaintiff's claims in his judicial complaint are reasonably related to his charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in his subsequent civil suit. <u>Id.</u> at 247-48 (citing <u>Chisholm v. United States Postal Serv.</u>, 665 F.2d 482, 491 (4th Cir.1981)).

The Magistrate Judge found that Plaintiff listed only "religion" as the basis of his charge of discrimination filed with SCHAC. The Magistrate Judge determined that Plaintiff had not administratively exhausted his claims based on age and race discrimination. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted as to this

issue.

4. <u>Retaliation</u>. Title VII forbids an employer "to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice[.]" To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) he engaged in protected conduct; (2) his employer took an adverse employment action against him; and (3) the protected conduct was causally connected to the adverse action. <u>Wells v. Gates</u>, 336 F. App'x 378, 382-83 (4th Cir. 2009) (citing <u>Ziskie v. Mineta</u>, 547 F.3d 220, 229 (4th Cir.2008)). To satisfy the second element, "'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" <u>Id.</u> at 383 (quoting <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 68 (2006)). If the plaintiff establishes a prima facie case, the burden shifts to the employer to demonstrate a legitimate non-retaliatory reason for the adverse employment action. <u>Id.</u> (citing <u>Baqir v. Principi</u>, 434 F.3d 733, 747 (4th Cir. 2006)). If the employer does so, the plaintiff must prove that this reason was a pretext for retaliation. Id. (citing <u>Baqir</u>, 434 F.3d at 747).

The Magistrate Judge noted that Plaintiff pleaded no facts in support of a retaliation claim, but that, to the extent that the complaint could be read to assert a retaliation claim, Plaintiff failed to make out a prima facie case of retaliation. The Magistrate Judge noted that Plaintiff received notice of Defendant's intent to terminate him prior to his engaging in any protected activity. The Magistrate Judge further noted that, to the extent Plaintiff contends the adverse action was Defendant's not selecting him for the position of inker maintainer, Defendant articulated a legitimate, nonretaliatory reason for not selecting Plaintiff, i.e., he was not the senior most qualified bidder for the position.

The Magistrate Judge further noted that Plaintiff had provided no evidence to show the legitimate, nonretaliatory reason stated by Defendant was pretextual.

B.     Plaintiff's Objections

As an initial matter, the court **denies** Defendant's motion to strike Plaintiff's untimely objections (ECF No. 71). Plaintiff is proceeding pro se and the court discerns no prejudice in considering Plaintiff's second set of objections.

Plaintiff's objections set forth in his April 23, 2012 submission may be summarized as follows:

1. Dismissal of the case violates Plaintiff's right to a jury trial.
2. Summary judgment is inappropriate because Plaintiff desires more time to conduct discovery.
3. Summary judgment in favor of Defendant sends a message that big corporations have the upper hand over South Carolina workers.
4. Plaintiff and others dedicate years of service to a company, "only to suffer discrimination, termination, and loss of wealth and rights because of the red tape this Magistrate Judge has issued to further harm Plaintiff without just cause."

Plaintiff's objections set forth in his May 20, 2012 submission may be summarized as follows:

1. Plaintiff should not be held to the same standard as an attorney.
2. The Magistrate Judge failed to mention that Plaintiff paid other workers $100.00 to work in his stead.
3. The Magistrate Judge failed to mention that Plaintiff worked for Defendant for over 27 years, "and such a change in the Plaintiff being able to work on the Sabbath (Saturday) was solely due to the Plaintiff's religion."
4. The Magistrate Judge failed to mention that Defendant knew Plaintiff paid $100.00 to fellow employees, and allowed the same to occur for more than two years.
5. Plaintiff believes he should join the United Steelworkers of America, "seeing that Plaintiff paid all required dues[.]"
6. The Magistrate Judge failed to mention that dismissing Plaintiff's claims would deny Plaintiff the right to a jury trial.

7. The Magistrate Judge failed to note that Plaintiff has been injured and is entitled to the relief sought based upon the evidence, and appears to aid Defendant.

The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record and finds Plaintiff's objections to be without merit. The court agrees with the Magistrate Judge that Defendant reasonably attempted to accommodate Plaintiff's religious observances, and that Plaintiff fails to state facts to support a claim for retaliation.

III. CONCLUSION

For the reasons stated herein, the court adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Defendant's motion for summary judgment (ECF No. 54) is **granted**. Plaintiff's motion for extension of time to complete discovery (ECF No. 65) is **denied as moot**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
June 27, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**